**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CARLOS CUEVAS,

Plaintiff,

v.

BERWYN POLICE OFFICER BENJAMIN HERNANDEZ (STAR #254), BERWYN POLICE OFFICER JOSEPH GREEN (STAR #309), BERWYN POLICE OFFICER JUAN SALGADO (STAR #214), Individually and as Employees/Agents of the CITY OF BERWYN, and the CITY OF BERWYN, a Municipal Corporation,

Defendants.

File No.

**JURY DEMAND**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CARLOS CUEVAS, complaining against the Defendants, BERWYN POLICE OFFICER BENJAMIN HERNANDEZ (STAR #254), BERWYN POLICE OFFICER JOSEPH GREEN (STAR #309), BERWYN POLICE OFFICER JUAN SALGADO (STAR #214), Individually and as Employees/Agents of the CITY OF BERWYN, and the CITY OF BERWYN, a Municipal Corporation, states as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. Section 1391(b). The parties reside in this judicial district and the events given rise to the claims asserted herein occurred in this judicial district.

## PARTIES

4. Plaintiff, CARLOS CUEVAS, is a resident of the City of Berwyn.

5. Defendant CITY OF BERWYN is a Municipal Corporation which employs or employed the Defendant officers.

6. At all times relevant herein, Defendant HERNANDEZ, Defendant GREEN, and Defendant SALGADO were Berwyn Police Officers employed by Defendant CITY OF BERWYN, acting under color of law as Berwyn Police Officers within the course and scope of their employment.

## COMMON ALLEGATIONS

7. CARLOS CUEVAS is married with two daughters, Ximena and Lucia.

8. CARLOS' youngest daughter Lucia, in December of 2017, was a newborn who was experiencing health problems.

9. Sometime late in the evening of December 28, 2017, and early in the morning of December 29, 2017, Lucia needed to be taken to MacNeal Hospital for medical care.

10. CARLOS' wife, Fatima, was leaving with Lucia to take her to the hospital.

11. Carlos and Ximena went out into the hallway of their apartment located at 3431 S. Ridgeland Avenue in Berwyn to watch from a window as Fatima and Lucia left for MacNeal Hospital.

12. CARLOS closed the door to his apartment when he and Ximena went to watch from the window so CARLOS' dog could not escape.

13. CARLOS and Ximena then attempted to enter their apartment but unfortunately the door had locked behind them.

14. CARLOS did not have keys to his apartment with him and he did not have a working phone so he and Ximena were locked out.

15. CARLOS did not have any means of gaining entry to his apartment or a phone he could use to call his wife, and it was early in the morning of December 29, 2017.

16. CARLOS decided that the best thing to do would be to call the police so they could help him get inside his apartment.

17. CARLOS took Ximena in his arms and he went to the closest open place where he could try to contact the police.

18. Ximena did not have a jacket on because CARLOS and Ximena never intended to go outside and instead were watching from a window in the hallway as Fatima and Lucia went to the hospital when Carlos and Ximena were locked out.

19. CARLOS carried Ximena in his jacket as he went to the gas station at 6400 West Ogden Avenue.

20. Police were called from the gas station as CARLOS was seeking their assistance so that CARLOS and Ximena could gain access to their apartment.

21. Berwyn Police Officers HERNANDEZ and SALGADO responded and Officer GREEN subsequently arrived.

22. Rather than assist CARLOS, Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN began to falsely accuse him of having drugs.

23. Officers HERNANDEZ, SALGADO, and GREEN were not able to find any drugs because CARLOS did not have any drugs.

24. After not finding any drugs so they could charge CARLOS with a crime, Berwyn Officers HERNANDEZ, SALGADO, and GREEN transported CARLOS and his daughter Ximena to MacNeal Hospital where Carlos' wife Fatima and youngest daughter Lucia were.

25. Around MacNeal Hospital, Berwyn Officers HERNANDEZ, SALGADO, and GREEN became upset with CARLOS and either HERNANDEZ, SALGADO, or GREEN began to choke CARLOS around his neck, which constituted an excessive and unreasonable use of force which caused injury, while the other two officers failed to intervene.

26. After the choke hold was released, Berwyn Officers brought CARLOS and his daughter into MacNeal Hospital where Ximena was turned over to her mother.

27. Once Ximena was released to her mother, Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN falsely arrested CARLOS CUEVAS.

28. Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN conspired to falsely charge CARLOS with willfully or knowingly endangering the life of a child, referring to his daughter Ximena, and prepared a criminal complaint for endangering the life of a child.

29. Ximena's life was not endangered by CARLOS CUEVAS.

30. CARLOS sought police assistance and instead, due to the actions of Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN, he was falsely arrested for willingly or knowingly endangering the life of his own child.

31. As a result of his false arrest, CARLOS was improperly placed in custody before he was able to post bond.

32. Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN proceeded to fabricate their police reports in order to justify the false charge of child endangerment they placed against CARLOS.

33. In addition, Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN decided to make a false hot line call to DCFS regarding CARLOS CUEVAS.

34. A child protection worker from DCFS responded to the call and advised CARLOS that even though the worker observed no evidence of neglect, the worker had no choice but to force CARLOS to leave the home for 10 days because police officers had made a hot line call.

35. As a result of false allegations made by Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN, CARLOS was not only facing a false charge for endangering the life of his own daughter but he now was being removed from his own home and his family for 10 days.

36. As a result of the false charge for endangering the life of his own daughter, CARLOS was required to hire an attorney to defend him for which he had to pay approximately $6,000.

37. Not surprisingly, following an investigation, DCFS determined that the report was unfounded and no credible evidence of child abuse or neglect was found during the investigation.

38. Despite the lack of any credible information, Berwyn Police Officers HERNANDEZ, SALGADO, and GREEN persisted with the false charge of endangering the life of a child, and the matter proceeded to a bench trial where CARLOS was found not guilty.

39. At all relevant times, Officers HERNANDEZ, GREEN, and SALGADO were acting pursuant to the custom and practice of the Berwyn Police Department.

40. The actions of the Defendants were intentional, willful, and with malice.

## COUNT 1
## 42 U.S.C. Section 1983 – Excessive Force

41. Plaintiff re-alleges and incorporates paragraphs 1-40 above.

42. The acts of Officer HERNANDEZ, GREEN, or SALGADO in choking plaintiff were a deliberate and malicious deprivation of Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made appliable to the States by the Fourteenth Amendment.

43. As a result of the unreasonable and unjustifiable excessive force used by Officer HERNANDEZ, GREEN, or SALGADO, Plaintiff suffered physical and emotional injuries and other damages in violation of 42 U.S.C. Section 1983.

**COUNT II**
**42 U.S.C. Section 1983 – False Arrest/Unlawful Detention**

44. Plaintiff re-alleges and incorporates paragraphs 1-40 above.

45. As described above, Defendants HERNANDEZ, GREEN and SALGADO falsely arrested and unlawfully detained Plaintiff without justification and without probable cause.

46. This misconduct described in this Count were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

47. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages, including but not limited to physical incarceration and severe emotional and mental distress and anguish.

**COUNT III**
**42 U.S.C. Section 1983 – Conspiracy to Deprive Constitutional Rights**

48. Plaintiff re-alleges and incorporates paragraphs 1-47 above.

49. Defendant Officers conspired with each other to cover up the use of excessive force and false arrest. The Defendants took overt acts in furtherance of this conspiracy, which included:

a. Filing a false criminal Complaint against Plaintiff;

b. Writing a false, misleading and incomplete police report;

c. Filing a false DCFS report;

d. Providing false statements to prosecutors; and

e. Making false statements under oath in the criminal trial.

50. Defendant officers acted in concert with each other to deprive Plaintiff of his rights guaranteed by the U.S. Constitution.

51. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of Plaintiff.

52. As a result of the above described wrongful infringement of Plaintiff's rights, Plaintiff suffered damages including but not limited to physical incarceration and severe emotional and mental distress and anguish.

**COUNT IV**
**42 U.S.C. Section 1983 – Failure to Intervene**

53. Plaintiff re-alleges and incorporates paragraphs 1-52 above.

54. In the manner described above, during the constitutional violations described above, Officers HERNANDEZ, GREEN and/or SALGADO stood by without intervening to protect the misconduct.

55. As a result of Defendants failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These defendants had a reasonable opportunity to prevent this harm, but failed to do so.

56. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

57. The misconduct described in this Count was undertaken pursuant to Berwyn's policy and practice.

**COUNT V**
**42 U.S.C. Section 1983 – Fabrication of Evidence**

58. Plaintiff re-alleges and incorporates paragraphs 1-52 above.

59. Defendant Officers fabricated evidence including making false police reports, a false criminal complaint, a false claim of neglect to DCFS, as well as providing false statements to prosecutors and making false statements under oath in the criminal trial.

60. The misconduct by the Officers was undertaken with malice, willfulness, and reckless indifference to the constitutional rights of Plaintiff.

61. As a result of Defendants fabrication of evidence, Plaintiff suffered damages including but not limited to physical incarceration and severe emotional and mental distress and anguish.

**COUNT VI**
**INDEMNIFICATION**

62. Plaintiff re-alleges and incorporates paragraphs 1-61 above.

63. The CITY OF BERWYN, as a public entity is directed to pay any tort judgment for compensatory damages for when employees are liable within the scope of their employment activities.

64. The defendant Officers are or were employees of the CITY OF BERWYN and acted within the scope of their employment in committing the misconduct described herein.

**REQUEST FOR RELIEF**

65. Plaintiff CARLOS CUEVAS respectfully requests that the Court

a. Enter a judgment in his favor and against all defendants;

b. Award compensatory damages and costs against all defendants;

c. Award attorney's fees against all defendants;

d. Award punitive damages against all individual defendants; and

e. Grant any other relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff, CARLOS CUEVAS, hereby demands a trial by jury under the Federal Rules of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

*/s/ Jim P. Navarre*

Jim P. Navarre
Mossing & Navarre, LLC
30 North LaSalle Street – Suite 1524
Chicago IL 60602
Attorney #: 6216600
TEL: (312)262-6700
FAX: (312)262-6710
jnavarre@mossinglaw.com